UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOGAAK JOGAAK,<br><br>                 Petitioner,<br><br>   vs.<br><br>TABITHA BENTING, Warden of South Dakota State Penitentiary,<br><br>                 Respondent. | 4:26-CV-04002-KES<br><br>ORDER FOR SERVICE |

This matter is pending before the court pursuant to the petition pursuant to 28 U.S.C. § 2241 of Jogaak Jogaak, person incarcerated pursuant to a judgment of a South Dakota state court. See Docket No. 1. Mr. Jogaak represents himself. This matter has been referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and DSD L.R. CIV 72.1(A)(2)(B). The court has screened Mr. Jogaak's petition pursuant to Rule 4 of the Rules Governing 2254 Cases and determined that Mr. Jogaak's petition may be untimely.[1]

## FACTS

Mr. Jogaak seeks to challenge a 2024 conviction for possession of a controlled substance. See Docket Nos. 1 & 2. He indicates in his petition that he did not file a direct appeal, but that he did exhaust his claims by filing a

---

[1] Mr. Jogaak filed a petition under section 2241, but as an inmate subject to state court judgment of conviction, he is nevertheless subject to the procedural rules governing section 2254 petitions.

state habeas petition in state court on October 3, 2025. See Docket No. 1 at 3. He appealed the circuit court's denial of habeas relief to the South Dakota Supreme Court, which also denied relief. Id.

Mr. Jogaak does not give the date that he was sentenced in his petition. However, the South Dakota Department of Corrections Offender Locator web site indicates that he was sentenced on February 12, 2024, for possession of a controlled substance. See https://docadultlookup.sd.gov/adult/lookup/details/?id+aBcCI1AM732+, last checked January 12, 2026.

## DISCUSSION

**A.    Scope of a § 2254 and a § 2241 Petition**

As an initial matter, the court notes that Mr. Jogaak purports to file his petition pursuant to 28 U.S.C. § 2241, even though he is a state prisoner subject to the restrictions of the Antiterrorism and Effective Death Penalty Act (AEDPA). See 28 U.S.C. §§ 2244, 2254.

A state prisoner who believes he is incarcerated in violation of the Constitution or laws of the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2254(a). A habeas petition under 28 U.S.C. § 2254 applies specifically to prisoners in state custody, and generally requires exhaustion of any available state remedies prior to a federal court's consideration of the petition. 28 U.S.C. § 2254(b)(1)(A). Further, a § 2254 petition is subject to a one-year statute of limitations. 28 U.S.C.

§ 2244(d)(1).  A claim presented in a second or successive § 2254 that was presented in a prior application shall be dismissed.  28 U.S.C. § 2244(b)(1).

A habeas petition under 28 U.S.C. § 2241 applies to prisoners in custody in violation of the Constitution or laws or treaties of the United States.  See 28 U.S.C. § 2241(c)(3).  The language of § 2241(c)(3) does not exclude state prisoners.  "All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ—to both federal and state prisoners."  Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004).

Circuit courts including the Eighth Circuit agree that regardless of how a state prisoner files their petition, it should be held to the requirements of § 2254.  State prisoners "can only obtain habeas relief through § 2254, no matter how [their] pleadings are styled."  Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001); see also Thomas, 371 F.3d at 787 (petition attacking state parole eligibility); Cook v. New York State Div. of Parole, 321 F.3d 274, 279 (2d Cir. 2003) (petition challenging revocation of state parole); Coady v. Vaughn, 251 F.3d 480, 483–85 (3d Cir. 2001) (petition challenging denial of state parole); Walker v. O'Brien, 216 F.3d 626, 632–33 (7th Cir. 2000) (petition challenging loss of state-prison good-time credit).

A state prisoner cannot escape the restrictions of § 2254 by filing a habeas petition under § 2241, but he *may* file a petition under § 2241.  "Prisoners cannot avoid the . . . rules [governing federal post-conviction remedies] by inventive captioning . . . [T]he name makes no difference. It is substance that controls."  Curry v. United States, 507 F.3d 603, 604 (7th Cir.

3

2007) (citation omitted) (alterations in original).  Mr. Jogaak filed his habeas petition as a § 2241.  The court will analyze Mr. Jogaak's claim as if he filed a § 2254 petition and he will be held to the procedural requirements of § 2254.

**B.     Mr. Jogaak's Petition May Be Untimely**

Petitions for habeas relief in federal court collaterally attacking state court convictions are governed by the Antiterrorism and Effective Death Penalty Act (AEDPA).  AEDPA contains a one-year statute of limitations.  Specifically, 28 U.S.C. § 2244(d) provides in relevant part:

> **(d)** **(1)** A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:
>
>> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> **(B)** the date on which the impediment to filing an application created by State action in violation the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>>
>> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)**   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4

See 28 U.S.C. § 2244(d)(1) and (2).

A judgment or state conviction is final, for purposes of commencing the statute of limitation period, at "(1) either the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The time allotted for filing a petition for writ of certiorari with the Supreme Court is ninety days. Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

The limitations period for § 2254 petitions is subject to statutory tolling. See 28 U.S.C. § 2244(d)(2). This one-year statute of limitation period is tolled, or does not include, the time during which a properly filed application for state post-conviction relief or other collateral review is pending in state court. Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2). The phrase "post-conviction or other collateral review" in § 2254's tolling provision encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available after a conviction." Duncan v. Walker, 533 U.S. 167, 177 (2001). Thus, § 2254's tolling provision "applies to all types of state collateral review available after a conviction." Id.

State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the

5

timely filing of an appeal from it." Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005) (citing Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000)); see also Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).

However, state proceedings are not pending for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court." Jihad, 267 F.3d at 805. Additionally, "[s]tate proceedings are not pending during the time between the end of direct review and the date an application for state [post-conviction relief] is filed." Maghee, 410 F.3d at 475 (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)). In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003).

The court notes the one-year AEDPA statute of limitations is not a jurisdictional bar. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). The time limit is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time. Id. A petitioner seeking equitable tolling must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The decision whether to equitably toll AEDPA's

6

limitations period is a fact-intensive inquiry based upon the totality of the circumstances. Holland, 560 U.S. at 649-50. Equitable tolling represents "an exceedingly narrow window of relief." Shoemate v. Norris, 390 F.3d 595, 597 (8th Cir. 2004) (quoting Jihad, 267 F.3d at 805).

The court notes that Mr. Jogaak has filed numerous habeas petitions with this court in the past five years.[2] One of those petitions was dismissed as untimely under the same exact circumstances as this petition. See Jogaak v. South Dakota, 4:21-CV-4023-KES, Docket Nos. 15 & 37 (D.S.D. Sept. 13, 2021). The court fully explained to Mr. Jogaak in 2021 the law pertaining to statute of limitations for federal habeas relief for state prisoners. Id. at Docket No. 15.

The court may raise the statute of limitations issue *sua sponte*. Day v. McDonough, 547 U.S. 198, 209 (2006). The court must, before acting on its own initiative to dismiss the federal petition based on the AEDPA statute of limitations, "accord the parties fair notice and opportunity to present their positions." Day, 547 U.S. at 210. Further, the court must "assure itself that the Petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or dismissing the petition as time barred." Id.

---

[2] See Jogaak v. South Dakota, 4:21-CV-4023-KES (DSD); Jogaak v. Attorney General, 4:22-CV-4100-LLP (DSD); and Jogaak v. Bittinger, 4:24-CV-4001-KES (DSD).

Because Mr. Jogaak did not file a direct appeal, his conviction became final on March 13, 2024,[3] following the lapse of the time for filing a direct appeal. His AEDPA statute of limitations began running at that time. Mr. Jogaak's statute of limitations for filing this § 2254 petition expired on March 13, 2025. Although he eventually filed a state habeas petition October 3, 2025, that state petition could not act to toll the running of the AEDPA limitations period because that period had already expired approximately six months earlier. Mr. Jogaak does invoke the doctrine of equitable tolling but he has not supported that invocation with facts. The burden is on him to establish grounds for equitable tolling.

## CONCLUSION and ORDER

With the above general principles in mind, and having preliminarily reviewed Mr. Jogaak's § 2254 petition, IT IS ORDERED:

(1) The Clerk of Court is directed to serve upon the Attorney General of the State of South Dakota, copies of Mr. Jogaak's petition and memorandum (Docket Nos. 1 & 2) and this Order;

(2) On or before February 11, 2026, the parties shall file briefs, documentation, and/or other appropriate authority showing cause why Mr. Jogaak's federal habeas petition, filed January 7, 2026, should not be dismissed with prejudice as untimely.

(3) The respondent shall cause to be filed with this court copies of Mr. Jogaak's underlying criminal case and his two habeas cases.

---

[3] 2024 was a leap year so February had 29 days.

**<u>Mr. Jogaak is notified that failure to respond to the above order to show cause may result in dismissal of his petition in this court.</u>**

DATED this 12th day of January, 2026.

BY THE COURT:

*/s/ Veronica L. Duffy*

VERONICA L. DUFFY
United States Magistrate Judge