UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JOGAAK DENG JOGAAK, <br><br> Petitioner, <br><br> vs. <br><br> TABITHA BENTING, Warden of South Dakota State Penitentiary, <br><br> Respondent. | 4:26-CV-04002-KES <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED AND GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION |

Jogaak Deng Jogaak, appearing pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his 2024 South Dakota conviction for possession of a controlled substance. Docket 1. Respondent, Tabitha Benting, Warden of the South Dakota State Penitentiary, moved to dismiss the petition as untimely. Docket 6. The motion was referred to Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and D.S.D. LR 72.1(A)(2)(B).

On March 2, 2026, Magistrate Judge Duffy issued a Report and Recommendation recommending that the court apply 28 U.S.C. § 2254 and the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), grant respondent's motion to dismiss, and dismiss the petition with prejudice. Docket 13 at 12. Jogaak filed five objections to specific statements in the Report and Recommendation and one objection to the ultimate recommendation of dismissal with prejudice. Docket 19. Having reviewed de

novo the portions of the Report and Recommendation to which Jogaak specifically objects, the court overrules the objections and adopts the Report and Recommendation as modified.

## BACKGROUND

Jogaak was convicted in South Dakota state court of possession of a controlled substance and was sentenced on February 29, 2024. Docket 7-3. He did not file a direct appeal. Docket 1 at 2.

On October 3, 2025, Jogaak filed a state petition for habeas relief. Docket 7-4 at 9. The state circuit court denied relief on October 24, 2025. Docket 7-5 at 4. Jogaak did not seek a certificate of appealability from the state circuit court or a certificate of probable cause from the South Dakota Supreme Court. Docket 13 at 2. He instead filed a new habeas petition directly with the South Dakota Supreme Court on December 2, 2025. Docket 7-6. The South Dakota Supreme Court denied the petition on December 19, 2025. Docket 7-7.

Jogaak filed this federal petition on January 7, 2026. Docket 1. In opposing dismissal, he acknowledged that the petition was untimely but argued that equitable tolling or actual innocence permitted review. Docket 9. Magistrate Judge Duffy rejected those arguments. Docket 13 at 8-12.

## STANDARD OF REVIEW

The court's review of a magistrate judge's Report and Recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific.

2

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994). Magistrate Judge Duffy conducted a thorough analysis and issued a comprehensive Report and Recommendation. The court adopts the recommendations as modified and assesses Jogaak's objections to the Report and Recommendation.

## DISCUSSION

### I.   Governing Statute and Limitations Period

 Although Jogaak labeled his petition as one arising under § 2241, he is in custody pursuant to a state-court judgment. Thus, the requirements of § 2254 govern his petition regardless of its label. *Crouch v. Norris*, 251 F.3d. 720, 723 (8th Cir. 2001).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) generally requires a state prisoner to file a federal habeas petition within one year after the prisoner's judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* As such, when a prisoner does not pursue direct review, the judgment becomes final when the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

The Report and Recommendation correctly concluded that Jogaak's petition is untimely but miscalculates when his conviction became final. The judgment was signed, attested, and filed on February 29, 2024. *See* Docket 7-

3. Jogaak therefore had 30 days to appeal. *See* SDCL § 23A-32-15. Starting to count the day after February 29, 2024, the thirtieth day was Saturday, March 30, 2024. The appeal period consequently extended through Monday, April 1, 2024. *See* SDCL § 23A-41-1. Because Jogaak did not file a notice of appeal, his conviction became final on April 1, 2024, and AEDPA's one-year limitation period expired on April 1, 2025. Jogaak's state habeas petition, filed on October 3, 2025, could not toll a limitations period that had already expired. Thus, the court modifies the Report and Recommendation's date calculation but adopts its conclusion that the federal petition is untimely.

## II.    Objection One: Counsel's Alleged Failure to Advise

Jogaak first objects to the magistrate judge's conclusion that "there is no lawyer error in Mr. Jogaak's habeas proceedings to point to in order to excuse his procedural default." Docket 19 at 2 (quoting Docket 13 at 8). He invokes 28 U.S.C. § 2254(i) and argues that, although ineffectiveness of post-conviction counsel is not a ground for relief, ineffectiveness of trial counsel may be. *Id.*

Jogaak's petition, however, does not make a claim for ineffectiveness of trial counsel; instead, his petition raises an Eighth Amendment claim for cruel and unusual punishment. Docket 1 at 6. Jogaak explained that his untimely petition should be equitably tolled because his trial counsel failed to inform him about AEDPA's one-year filing deadline. Docket 9 at 2. Magistrate Judge Duffy rejected Jogaak's argument because Jogaak's "trial counsel's representation ended upon entry of the judgment of conviction." Docket 13 at 8.

A petitioner seeking equitable tolling must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Ordinary attorney negligence or confusion about a limitations period does not satisfy that standard. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Jogaak does not allege that his trial counsel decided to represent him in his post-conviction proceedings, promised to file a habeas petition, misrepresented that a petition had been filed, or otherwise prevented him from filing. *See generally* Docket 1; Docket 9. Nor does he identify diligent steps he took during the limitations period. *See* Docket 9. Thus, the alleged failure of Jogaak's trial counsel to volunteer advice about AEDPA's deadline does not warrant equitable tolling. As such, Jogaak's first objection is overruled.

## III.    Objection Two: Diligence

Jogaak next objects to the magistrate judge's finding that he supplied no facts showing diligent actions between the date his conviction became final and October 2025. Docket 19 at 2. He argues that he discovered the alleged error in September 2025 and filed his habeas petition soon afterward. *Id.*

But Jogaak's timeline does not demonstrate the diligence necessary to apply equitable tolling. Diligence is measured during the period in which the petitioner could have timely pursued his federal rights, not solely after the federal deadline has passed. *See Gordon v. Arkansas*, 823 F.3d 1188, 1195-96 (8th Cir. 2016). "The diligence required for equitable tolling purposes is

5

'reasonable diligence' not 'maximum feasible diligence.' " *Muhammad v. United States*, 735 F.3d 812, 816 (8th Cir. 2013) (internal quotation marks and citation omitted).

The Eighth Circuit has found that a federal habeas petitioner demonstrated reasonable diligence where he hired counsel well before the deadline, "did everything in [his] power to stay abreast of the status of his case," provided original documents to support the motion, filed a complaint with the state bar, and submitted motions to the district court requesting an extension of time and the return of documents from his attorney. *See United States v. Martin*, 408 F.3d 1089, 1095 (8th Cir. 2005). Jogaak's claimed discovery occurred approximately five months after the April 1, 2025, deadline. Discovering a possible legal theory is not itself a diligent act explaining what Jogaak did during the preceding year. *See Gordon*, 823 F.3d at 1195-96. Jogaak still fails to identify steps taken to investigate or pursue his federal rights before the deadline. *See* Docket 19. Prompt action after a late legal realization does not retroactively establish diligence throughout the limitations period. Thus, Jogaak's second objection is overruled.

## III.    Objections Three and Four: Mental Health

In his third and fourth objections to the Report and Recommendation, Jogaak argues that equitable tolling should apply because the record proves he is "severely mentally ill" and is legally incompetent. Docket 19 at 2-3. He states that he continues to experience hallucinations and takes several medications that manage his behavior but do not cure his illnesses. *Id*. at 3.

This court does not discount the seriousness of those allegations. Mental impairment may support equitable tolling when the petitioner shows that the impairment was an extraordinary circumstance that stood in his way and prevented a timely filing. *See Holland*, 560 U.S. at 649; *Gordon*, 823 F.3d at 1196-97. But mental illness and legal incompetence are not indistinguishable, and a diagnosis alone does not establish the required causal connection. *Gordon*, 823 F.3d at 1196-97 ("Mental illness and legal incompetence are not identical, nor are all mentally ill people legally incompetent." (internal quotation marks omitted)).

The most recent medical document in the record is dated January 9, 2023, more than one year before the federal limitations period began. Docket 9-1 at 1. The medical document states that Jogaak suffered from "unspecified psychosis" at the time, but it also states that the medication was beneficial, that Jogaak reported no issues or concerns, and that he believed the medication was working. *Id.* The objections add assertions about continuing symptoms, but they provide no contemporaneous records and no specific account of how those symptoms affected Jogaak's ability to understand, prepare, or submit a petition between April 1, 2024, and April 1, 2025. Docket 19 at 2-3. Even accepting the new assertions as true, they simply show that Jogaak has a mental illness; however, they do not show that the illness prevented timely filing or that he pursued his rights diligently when able to do so. Thus, Jogaak's third and fourth objections are overruled.

**IV.   Objection Five: Discovery of the Knowledge Element**

Jogaak contends that he did not learn until September 2025 that the State had to prove each element of the possession offense, specifically knowledge. *Id.* at 3. He further argues that he could not have knowingly possessed a controlled substance because the baggie contained only an "unusable, unseen amount" of residue. *Id.*

This objection concerns a later understanding of law, not a later discovery of fact. 28 U.S.C. § 2244(d)(1)(D) starts a one-year period on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D). It does not restart the clock when a petitioner later understands the legal significance of facts already known to him. *See Keller v. Pringle*, 867 F.3d 1072, 1074-75 (8th Cir. 2017) (providing that subsequent judicial decisions interpreting the law do not constitute a new factual predicate for purposes of restarting the limitations period).

The physical condition of the baggie, the presence of residue, and Jogaak's own knowledge at the time were all facts available when he entered his plea and was sentenced. Jogaak's September 2025 understanding of the knowledge element neither creates a later statutory start date nor supplies an extraordinary circumstance for equitable tolling to apply. Thus, Jogaak's fifth objection is overruled.

**V.      Objection Six: Actual Innocence and the Ultimate Conclusion**

A credible showing of actual innocence may allow a court to consider an otherwise time-barred habeas claim. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To successfully pass through that gateway, a petitioner must present new, reliable evidence and show that, in light of all the evidence, it is more likely than not that no reasonable juror would have found him guilty. *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995); *Nance v. Norris*, 392 F.3d 284, 291 (8th Cir. 2004). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Jogaak presents no new evidence. He relies on the same baggie and residue known to him when he pleaded guilty and advances a new legal argument about whether those facts satisfy the possession offense's elements. *See* Docket 1 at 2, 6. Whatever the ultimate merits of that argument may be, it is not new, reliable evidence of factual innocence. Thus, Jogaak has not satisfied the actual innocence gateway.

Jogaak's final objection simply incorporates his previous five objections and asserts he has carried his burden to establish equitable tolling. Docket 19 at 4. Because none of the asserted grounds establishes both reasonable diligence and an extraordinary circumstance that prevented timely filing, and because Jogaak has not made a credible showing of actual innocence, his sixth objection is overruled.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2254 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *See* 28 U.S.C. § 2253(c)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Jogaak has not made a substantial showing that his claims are debatable among reasonable jurists, that another court could resolve the issues raised in his claims differently, or that a question raised by his claims deserves additional proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

After conducting a de novo review, it is ORDERED:

1. That Jogaak's objections to the Report and Recommendation (Docket 19) are overruled.

2. That the magistrate judge's Report and Recommendation (Docket 13) is adopted as modified by this order's calculation of the date on which Jogaak's 2024 state conviction became final.

3. That Respondent's motion to dismiss (Docket 6) is granted.

4. That Jogaak's motion under 28 U.S.C. § 2254 (Docket 1) is dismissed with prejudice.

5. That Jogaak's motion to appoint counsel (Docket 15), motion to strike (Docket 16), motion for evidentiary hearing (Docket 20), and motions for expedited consideration (Dockets 21 and 22) are denied as moot.

6. That a certificate of appealability is denied.

Dated July 30, 2026.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

11